IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHERNAVIAN BILLINGS ) <br> O/B/O ) <br> CLIMESHIA RANAE WELLS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> Acting Commissioner of Social ) <br> Security, ) <br> ) <br> Defendant. ) | 2:12-CV-2777-LSC |

**MEMORANDUM OF OPINION**

**I.   Introduction**

The plaintiff, Shernavian Billings ("Ms. Billings" or "Plaintiff"), on behalf of her daughter, Climeshia R. Wells ("Claimant"), appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Child's Supplemental Security Income ("SSI").  Ms. Billings timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Claimant was twelve years old at the time of the Administrative Law Judge's

("ALJ's") decision, and was going into the seventh grade at Hueytown Middle School. (Tr. at 55.) Ms. Billings believes that her daughter became disabled on May 30, 2008, due to Attention Deficit Hyperactivity Disorder ("ADHD"). (Tr. at 40.)

When evaluating the disability of a child, the regulations prescribe a three-step sequential evaluation process. *See* 20 C.F.R. § 416.924(a). The first step requires a determination of whether the child is "doing substantial gainful activity." *Id*. If he or she is, the child is not disabled and the evaluation stops. *Id*. If he or she is not, the Commissioner will consider the child's physical or mental impairments to see if there is an impairment or combination of impairments that is "severe." *Id*. If the impairments are not severe, the analysis stops. *Id*. However, if the impairments are severe, the Commissioner will look to see if one of the impairments meets or equals an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id*. If the child has such an impairment and it meets the durational requirement, the Commissioner will find that he or she is disabled. *Id*.

In step number three of the sequential evaluation, the ALJ initially evaluates the evidence and determines whether the child's severe impairment or combination of impairments found in step two meets or medically equals a listed impairment. If they do not meet each of the criteria enumerated in the listings, the ALJ must decide

whether the impairment or combination of impairments "functionally equals" the severity of any listed impairment. *See* 20 C.F.R. § 416.924(d). When assessing functional limitations, the Commissioner considers all the relevant factors, such as how well the child can initiate and sustain activities, how much extra help he or she requires, the effects of structures or supportive settings, how the child functions in school, and the effects of medications or other treatments on the child's health. 20 C.F.R. § 416.926a. To determine functional equivalence, the child's limitations must be evaluated in the following six functional areas, called domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) the ability to care for him, or her self; and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1)(i-vi). An impairment or combination of impairments functionally equals a listed impairment if it results in either "marked" limitations in two of the previously mentioned domains or an "extreme" limitation in one domain. *See* 20 C.F.R. § 416.926a(a).

Applying this sequential evaluation, the ALJ found that Claimant has not engaged in substantial gainful activity since May 30, 2008, and that her ADHD is a "severe" impairment according to 20 C.F.R. § 416.924(c). (Tr. at 30.) However, the

ALJ determined that Claimant's ADHD does not meet, medically equal, or functionally equal the severity of any impairment listed in Appendix 1 to Subpart P. (Tr. at 28, 30.) According to the ALJ, the testimony that Claimant experiences disabling limitations is not fully credible in light of medical history, reports from examining and treating physicians, statements from teachers, and clinical findings on examination. (Tr. at 29, 30.) In the domains of acquiring and using information and attending and completing tasks, the ALJ found that Claimant has less than a "marked" limitation. (Tr. at 30.) In the domains of interacting and relating to others, moving about and manipulating objects, caring for personal needs, and health and physical well-being, the ALJ found that Claimant has no limitation. (*Id.*) Accordingly, the ALJ determined that Claimant "has not been under a 'disability,' as defined by the Social Security Act, since May 30, 2008, the date the application was filed." (*Id.*)

## II.   Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d

1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

### III.   Discussion

Plaintiff is *pro se* and did not file a brief in support of her appeal. However, this Court shows leniency to *pro se* litigants. *See Christiansen v. McRay*, 380 F. App'x 862, 863 (11th Cir. 2010). Therefore, when reviewing the appeal of a *pro se* plaintiff, this Court will thoroughly review the evidentiary record and the ALJ's opinion to determine whether the ALJ's findings are supported by substantial evidence.

The ALJ reviewed Claimant's subjective complaints, taking into account the controlling case law dictating the standards used to assess subjective complaints of pain and other symptoms, and found that the testimony that Claimant experiences disabling limitations is not fully credible. (Tr. at 29-30.) The ALJ considered all symptoms, opinion evidence, and additional relevant evidence, and found that Claimant does not have an impairment or combination of impairments that meets, medically equals, or functionally equals a listed impairment. (*Id.*) The ALJ ultimately found that the record as a whole does not warrant a conclusion that Claimant is disabled due to her ADHD. (*Id.*)

The Eleventh Circuit has established a three-part "pain standard" that applies when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms, which "requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity

of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991). Once an impairment is established, the ALJ must consider "all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms . . . in addition to the medical signs and laboratory findings in deciding the issue of disability." *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). The claimant's subjective testimony supported by medical evidence that satisfies the standard is sufficient to support a finding of disability. *Brown*, 921 F.2d at 1236. If the ALJ decides not to credit such testimony, he must articulate reasons for doing so. *Id.* Credibility determinations by the ALJ will not be disturbed unless unsupported by substantial evidence. *Foote*, 67 F.3d at 1562.

    Plaintiff testified that her daughter has problems with completing tasks, fidgeting, and frustration. (Tr. at 41, 53.) Plaintiff also testified that her daughter experiences depression and mood swings. (Tr. at 41, 43.) Claimant testified that without her medication, she has trouble focusing and is distracted by noise. (Tr. at 57-58.) The ALJ considered the pain standard when evaluating Claimant and her mother's complaints of subjective symptoms, but found that in light of the medical

history, reports from examining and treating physicians, statements from teachers, and clinical findings on examination, the descriptions of Claimant's impairments and limitations are not fully credible. (Tr. at 28-29.) This Court finds that the ALJ properly articulated the reasoning behind his credibility determination. *See East v. Barnhart*, 197 F. App'x 899, 905 (11th Cir. 2006) (finding that the ALJ properly applied the pain standard where the ALJ stated that she was required to "consider all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence based on the requirements of 20 CFR § 416.929 and Social Security Ruling 96-7p"). Moreover, there is substantial evidence in the record to support the ALJ's credibility determination.

Claimant's medical records provide support for the ALJ's credibility determination. In assessing the credibility of an individual's statements, the ALJ considers the type, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms. SSR 96-7p, 1996 WL 374186 (July 2, 1996). A medical condition that can be remedied by medication is not disabling.[1] Claimant's Pediatrics West records from September 2008 through March

---

[1] *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988). When a claimant cannot afford medication or treatment, the condition continues to be disabling even though it can be remedied by

2010 indicate that while taking Concerta, several of her symptoms of inattention—poor attention span, poor sustained mental effort, and easily distracted—had resolved. (Tr. at 215.) Additionally, several symptoms of hyperactivity and impulsivity, including fidgeting, running about excessively, and difficulty playing quietly, had also resolved. (*Id*.) All of her remaining symptoms had improved. (*Id*.) Plaintiff also reported that her daughter's mood swings, fidgeting, and grades had improved with medication. (Tr. at 195.)

Furthermore, Claimant was given a mental examination on August 11, 2008, by Dr. Cynthia A. Neville, a licensed clinical psychologist. Dr. Neville found that Claimant had mild symptoms of ADHD, but appeared to possess age-appropriate cognitive, communication, social, behavioral, and adaptive abilities. (Tr. at 198.) Dr. Neville noted that Claimant was only mildly more fidgety than a typical 10-year-old, that her levels of concentration and persistence were normal, and that she was cooperative, motivated, and persisted well with challenging tasks. (Tr. at 197-98.) Dr. Neville also indicated that Claimant possessed an age-appropriate amount of insight into her reported problems. (Tr. at 197.)

---

medication. *Id*. Plaintiff indicated that at the time of filing the application for SSI, she was unemployed and receiving food stamps (Tr. at 46.) However, Plaintiff has not indicated anywhere in the record that she is unable to afford medication.

Claimant's school records and reports from her teachers provide additional support for the ALJ's credibility determination. In evaluating symptoms, the ALJ will consider not only the claimant's statements about her symptoms, but other statements from other persons who can provide information about how the child's symptoms affect activities of daily living and functioning. *See* 20 C.F.R. § 416. 929(a). In May 2010, Claimant's physical education teacher, Mrs. Glynis Whitfield-Moss, reported that Claimant had no problem acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, and caring for herself. (Tr. at 218-24.) Claimant's social studies and writing teacher, Ms. Erin Ball, noted that Claimant had some difficulties interacting and relating to others, but did not report any problems in any of the remaining domains, and indicated that Claimant "seemed to be a generally happy student."(Tr. at 225-32.) Claimant's report cards from May 2007 through May 2010 show that she received mostly A's and B's from the third grade through the sixth grade. (Tr. at 233-38.)

The required level of severity for ADHD is met where there are medically documented findings of marked inattention, marked impulsiveness, and marked hyperactivity, resulting in at least two of the appropriate age-group criteria in

paragraph B2 of 20 C.F.R. pt. 404, subpt. P, app. 1, § 112.02.  20 C.F.R. pt. 404, subpt. P, app. 1 § 112.11.  The criteria listed in paragraph B2 include marked impairment in age-appropriate cognitive and communicative function, marked impairment in age-appropriate social function, marked impairment in age-appropriate personal functioning, and marked difficulties in maintaining concentration, persistence, or pace. 20 C.F.R. pt. 404, subpt. P, app. 1 § 112.02. In determining whether a claimant's impairment functionally equals a listed impairment, the ALJ considers all of the evidence in the record about the claimant's impairments and their effects on the claimant, as well as opinion evidence from medical or psychological consultants designated by the Commissioner. 20 C.F.R. § 416.926(c).

The ALJ determined that no examining or treating physician has indicated findings equivalent in severity to the criteria of any listed impairment, and that Plaintiff has not alleged that her daughter's impairments meet any listed impairment. (Tr. at 28.) The ALJ also found that Claimant's impairment causes less than a marked limitation in acquiring and using information, less than a marked limitation in attending and completing tasks, and no limitation in any of the other domains. (Tr at 29-30.) Therefore, the ALJ found that Claimant's impairment does not meet or functionally equal a listed impairment. (Tr. at 28-30.) Upon review of Claimant's

medical records from Pediatrics West, Dr. Neville's report, reports from Claimant's teachers, and Claimant's report cards, discussed above, this Court finds that there is substantial evidence to support these findings. Furthermore, the report of Dr. Samuel J. Popkin, the non-examining state agency physician, is consistent with the record as a whole, and indicates that Claimant does not have an impairment or combination of impairments that functionally equals the listings. (Tr. at 199-204.); *See* 20 C.F.R. § 416.927(e) ("We consider all evidence from nonexamining sources to be opinion evidence."); 20 C.F.R. § 416.927(c)(4) ("[T]he more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."). Accordingly, the cumulative record supports the ALJ's findings that Claimant has not been under a disability, as defined by the Social Security Act, since the date the application was filed.

## IV.   Conclusion

Upon review of the administrative record, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this 13th day of February 2014.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

[160704]